ORDER
Dec. 8, 1997
The appellants’ petition for rehearing is denied.
LAY, Circuit Judge.
I would grant Burnsides’ petition for rehearing. I believe as a panel we were wrong in dismissing Burnsides’ claim against MJ Optical. The facts show Commercial and MJ Optical intended the sales acquisition to close at 10:00 a.m. on May 7,1994.* Commercial’s counsel received the check and executed the closing documents at approximately 8:30 a.m. on May 7, 1994. Under the majority interpretation, the effective date of the sale was May 7, 1994, which means the sales transaction would not be deemed complete until 12:01 a.m. on May 8, 1994. Yet between 10:00 a.m. on May 7th and 12:01 a.m. on May 8th, Commercial announced the termination of the' employees and ■ MJ' Optical rémoved the equipment from the facility. This, means there was a fourteen-hour period during which neither Commercial nor MJ Optical bore responsibility for giving notice to the employees.
The WARN statute states the obligation to provide notice of termination to a seller’s employees passes to the buyer after the effective “date” of the sale. 29 U.S.C. § 2101(b). In order to avoid this hiatus, where neither party has the responsibility to give notice, “date” has been interpreted by the Secretary of Labor and the Department of Labor to mean “time.” 20 C.F.R. § 639.4(e); 54 F.R. 16042, 16052.** Such an *705 interpretation is not contrary to the statute. In fact, the Senate debate regarding Section 2101(b) demonstrates that “date” meant the time of the execution of the sale. Cong.Rec. 58679-8680. Under well-settled ease law, an agency’s interpretation of a statutory scheme should be given great, deference. Stinson v. United States, 508 U.S. 36, 45 (1993); Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984). Under the circumstances, I believe MJ Optical owed a duty to give sixty-days notice to all employees at the time when all documents were executed or no later than 10:00 a.m. on May 7,1994.

 (Ex. 2) (A. 0102).

 The interpretive rule of the Department of Labor makes this clear:
Some commentators suggested that the regulations be clarified to assign responsibility to the *705 seller through the date of sale and to the buyer on the next day. Such an interpretation is a possible reading of the statutory language; but DOL has rejected that reading because it would *706 either make the seller responsible for the acts of the buyer or it would create a period in which no one is responsible for giving notice. The former alternative is inconsistent with the legal position of the parties after the sale has become effective. The latter alternative is inconsistent with the intent of the statute. 54 F.R. 16042, 16052.